# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 24, 2019

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

> *Re:*   **Baldi v. Maggio Data Forms Printing Ltd.,** *et al.*
> **Case No.: 1:19-cv-7111 (KAM) (ST)**
> <u>**MLLG File No.: 13-2018**</u>

Dear Judge Matsumoto:

This office represents the Defendants in the above-referenced case.  Defendants write pursuant to 28 U.S.C. § 137 and Rule 50.1(d)(2) of the Eastern District's Guidelines for the Division of Business Among District Judges to reassign this case to the Eastern District of New York's Long Island courthouse based upon Plaintiff's impermissible forum shopping.

Rule 50.1(d)(2)(b) of the Eastern District's Guidelines for the Division of Business Among District Judges states that a civil case shall be designated a Long Island case if a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County.

**Facts**

On December 19, 2019, Plaintiff April Baldi (hereinafter "Plaintiff") commenced this action against the Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296.  Notably, because Plaintiff worked in Suffolk County and not in New York City, Plaintiff does not assert any claim under the New York City Human Rights Law ("NYCHRL"), New York Administrative Code § 8-107, *et seq.* <u>See</u> Docket Entry 1 (hereinafter "<u>Compl.</u>")

Plaintiff alleges that the corporate Defendant's principal place of business is located in Suffolk County.  <u>Id.</u> at ¶ 10.  All of the alleged conduct in the complaint occurred in Suffolk County, and there is no allegation indicating that any of the alleged conduct occurred outside of Suffolk County. <u>See</u>, generally, <u>Compl.</u>

Notwithstanding, Plaintiff's counsel signed a Civil Cover Sheet that he certified as accurate, in which he denied that "the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur[ed] in Nassau or Suffolk County.  <u>See</u> Docket Entry 1-3 at 2, annexed hereto as **Exhibit "A,"** with the words "No" next to question 2(a) under the heading "NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)," highlighted for the Court's convenience.  **This certification is false.**

**<u>Legal Standard</u>**

The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.  <u>See</u> 28 U.S.C. § 137(a).  This Court has promulgated Guidelines for the Division of Business Among District Judges (hereinafter the "Guidelines") pursuant to 28 U.S.C. § 137.  <u>See</u> <u>https://img.nyed.uscourts.gov/files/local_rules/guidelinesdj.pdf</u>.

There, the Guidelines provide that a civil case **shall** be designed a Long Island case if a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County.  <u>See</u> Guidelines § 50.1(d)(2)(b) (emphasis added).

Any objection by a party to designation of a judge or to place of trial shall be made by letter motion to the judge assigned in a civil case within the time allowed to respond to the complaint.  <u>See</u> Guidelines § 50.2(f)(2).

**<u>This Case Must be Reassigned to the Eastern District of New York's Long Island Courthouse</u>**

Here, it is abundantly evident that no facts gleamed from the complaint (or in reality) evince any notion whatsoever that the events or omissions giving rise to the claim or claims, or a substantial part thereof, occurred outside of Suffolk County.

Upon information and belief, the only reason this case was assigned to the Eastern District of New York's Brooklyn Courthouse was because Plaintiff misrepresented to the Court that the events or omissions giving rise to the claims did <u>not</u> occur in Nassau or Suffolk.  <u>See</u> <u>Ex.</u> A.

Defendants wish they could believe that Plaintiff did so mistakenly, but would be remiss if they did not inform the Court that Plaintiff's counsel routinely improperly files actions in New York County in the Supreme Court of the State of New York (hereinafter "Supreme Court"), because Plaintiff's counsel wants to litigate its cases in New York County as that is the county in which its office is located.   <u>See</u>, <u>e.g.</u>, <u>Index No.: 155220/2017</u> in New York County Supreme Court, wherein the defendants there demanded a change of place of trial because venue was improper in New York County and the action should have been venued in Kings County, and the plaintiff there consented; <u>Index No.: 153047/2018</u> in New York County Supreme Court, wherein the plaintiff stipulated to transfer venue to Queens County after the defendants were forced to file a motion to transfer venue; <u>Index Nos.: 155504/2017</u> and <u>156292/2017</u> in New York County Supreme Court, wherein venue was improper in New York County and the action should have been venued in Bronx County, but the defendants' prior counsel there failed to timely demand a change of place of trial and defendants' incoming counsel subsequently waived that defense.[1]  Their conduct here is no different.

Based on the foregoing, this Court should reassign this case to the Eastern District of New York's Long Island Courthouse.  Further, Plaintiff should, at a minimum, be admonished for failing to accurately certify the contents of the Civil Cover Sheet.

---

[1] The foregoing is merely a representative sample, not an exhaustive list, of recent cases that Defendants' counsel is aware of through its representation of the defendants in said actions.

Dated: Lake Success, New York
      December 24, 2019

                                Respectfully submitted,

                                **MILMAN LABUDA LAW GROUP PLLC**

                                _____/s_____
                                Emanuel Kataev, Esq.
                                3000 Marcus Avenue, Suite 3W8
                                Lake Success, NY 11042-1073
                                (516) 328-8899 (office)
                                (516) 303-1395 (direct dial)
                                (516) 328-0082 (facsimile)
                                emanuel@mllaborlaw.com

Enclosure.

3