UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
APRIL BALDI,

                                        **Case No.:** 1:19-cv-7111 (KAM) (ST)

                        Plaintiff,

      -against-

MAGGIO DATA FORMS PRINTING LTD., JOHN
CURTIN, and JOSEPH CAPUANO,

                        Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RECONSIDERATION**


**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-8899 (office)
(516) 328-8899 (office)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ..................................................................................................1

**STATEMENT OF FACTS**........................................................................................................1

**STANDARD OF REVIEW** ......................................................................................................3

**ARGUMENT** ..............................................................................................................................4

**I.     RESPECTFULLY, THE COURT DOES NOT HAVE DISCRETION IN DECIDING LETTER MOTIONS TO REASSIGN A CASE**..........................................4

**CONCLUSION** ..........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Devlin v. Transp. Commc'n Int'l Union,
    175 F.3d 121 (2d Cir. 1999) .................................................................................................. 3

Frey v. Bekins Van Lines, Inc.,
    No. 09-CIV.-5430, 2012 WL 2701642 (E.D.N.Y. July 5, 2012) ....................................... 3

Hertzner v. Henderson,
    292 F.3d 302 (2d Cir. 2002) .................................................................................................. 3

Hossain v County of Nassau,
    No. 11-CIV.-3630 (NGG) (LB), 2011 WL 5027641 (E.D.N.Y. Oct. 21, 2011) ................ 4

Kennedy v Foley,
    No. 90-CIV.-2592, 1990 WL 127626 (E.D.N.Y. Aug. 27, 1990) ...................................... 5

Luv n' Care Ltd. v. Goldberg Cohen, LLP,
    No. 15-CIV.-9248, 2016 WL 6820745 (S.D.N.Y. Nov. 10, 2016) ................................... 3

Mangino v. Vill. of Patchogue,
    814 F. Supp. 2d 242 (E.D.N.Y. 2011) ................................................................................. 3

McCarthy v. Manson,
    714 F.2d 234 (2d Cir. 1983) .................................................................................................. 3

T.Z. v. City of N.Y.,
    634 F. Supp. 2d 263 (E.D.N.Y. 2009) ................................................................................. 3

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,
    182 F.R.D. 97 (S.D.N.Y. 1998) ........................................................................................... 4

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,
    956 F.2d 1245 (2d Cir. 1992) ............................................................................................... 3

Wilder v. News Corp.,
    No. 11-CIV.-4947, 2016 WL 5231819 (S.D.N.Y. Sep. 21, 2016) ................................... 3

**Statutes**

28 U.S.C. § 137 .................................................................................................................. 1, 4

42 U.S.C. §§ 2000e-2, *et seq.* ................................................................................................ 1

New York Administrative Code § 8-107, *et seq.* .................................................................. 1

New York Executive Law § 296 ............................................................................................ 1

**Rules**

Local Civil Rule 6.3 ......................................................................................................... 1, 3, 4

Rule 50.1 of the Eastern District's Guidelines for the Division of Business Among District Judges
 ........................................................................................................................................ 1, 2, 4

## PRELIMINARY STATEMENT

Defendants Maggio Data Forms Printing Ltd. (hereinafter "Maggio"), John Curtin (hereinafter "Curtin"), and Joseph Capuano (hereinafter "Capuano") (Maggio, Curtin, and Capuano collectively hereinafter the "Defendants") submit this Memorandum of Law in support of their motion pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules" or "LCR") seeking reconsideration of its Text Only Order dated December 27, 2019 denying Defendants' letter motion to reassign this case pursuant to 28 U.S.C. § 137 and Rule 50.1(d)(2) of the Eastern District's Guidelines for the Division of Business Among District Judges (hereinafter the "Guidelines") on the grounds that this Court, respectfully, does not have the discretion to deny the relief Defendants requested based on the text of the Guidelines.

## STATEMENT OF FACTS

On December 19, 2019, Plaintiff April Baldi (hereinafter "Plaintiff") commenced this action against the Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296. See copy of Plaintiff's complaint annexed hereto in the Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 3, Ex. A. Notably, because Plaintiff worked in Suffolk County and not in New York City, Plaintiff does not assert any claim under the New York City Human Rights Law ("NYCHRL"), New York Administrative Code § 8-107, *et seq.* See Id.

In her complaint, Plaintiff alleges that the corporate Defendant's principal place of business is located in Suffolk County. Id. at ¶ 10.

All of the alleged conduct in the complaint occurred in Suffolk County, and there is no allegation indicating that any of the alleged conduct occurred outside of Suffolk County.  See, generally, Id.

Notwithstanding, Plaintiff's counsel signed a Civil Cover Sheet that he certified as accurate, in which he denied that "the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur[ed] in Nassau or Suffolk County.  See Id. at 25 (containing the words "No" next to question 2(a) under the heading "NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)."  This certification is false.

On December 24, 2019, Defendants filed a letter motion to reassign this case pursuant to 28 U.S.C. § 137 and Rule 50.1(d)(2) of the Guidelines.  See Kataev Decl. ¶ 4, Ex. B.  On December 26, 2019, this Court directed Plaintiff to respond to Defendants' letter motion.  See Kataev Decl. ¶ 5, Ex. C.  On December 27, 2019, Plaintiff conceded in her response that the alleged acts giving rise to her claims occurred in Suffolk County, stated that she does not object to Defendants' application to reassign this case to the Long Island courthouse, and stated that the representation made in the civil cover sheet was an "inadvertent clerical error[1] by counsel."  See Kataev Decl. ¶ 6, Ex. D.

Notwithstanding, on December 27, 2019, this Court denied Defendants' letter motion to reassign this case "[d]ue to the unusually high case loads affecting the Long Island courthouse at this time."  See Kataev Decl. ¶ 7, Ex. E.  Defendants respectfully submit that the Court's Order is contrary to the law set forth in the statute and Guidelines.

---

[1] The meticulous manner in which Plaintiff completed the civil cover sheet should be noted, i.e., the gratuitous entry of text stating "Plaintiffs do not certify" under the Certification of Arbitration Eligibility.  Together with the fact that Plaintiff's counsel routinely files cases in improper venues which are conveniently located closer to their office gives rise to Defendants' assertion that Plaintiff purposefully selected an improper venue in this case.  For this reason, too, Defendants submit that the Court's denial of its letter motion was, respectfully, erroneous.

2

**STANDARD OF REVIEW**

A motion for reconsideration is governed Local Civil Rule 6.3. See Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002). Local Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

Id. The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." See Wilder v. News Corp., No. 11-CIV.-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sep. 21, 2016) (internal citations omitted); accord Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ); Mangino v. Vill. of Patchogue, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011); T.Z. v. City of N.Y., 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009).

In the Second Circuit, there are only three grounds which may be used to grant a motion for reconsideration: (1) a subsequent change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. See Frey v. Bekins Van Lines, Inc., No. 09-CIV.-5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); accord Luv n' Care Ltd. v. Goldberg Cohen, LLP, No. 15-CIV.-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016).

A motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 182 F.R.D. 97, 100 (S.D.N.Y. 1998).

## ARGUMENT

**I.    RESPECTFULLY, THE COURT DOES NOT HAVE DISCRETION IN DECIDING LETTER MOTIONS TO REASSIGN A CASE**

A civil case **shall** be designed a Long Island case if a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County. See Guidelines § 50.1(d)(2)(b) (emphasis added). Neither the Guidelines nor its implementing statute provide the Court with any discretion whatsoever in deciding motions to reassign a case. See, generally, 28 U.S.C. § 137 and Guidelines § 50.1.

Further, a party may move to designate a case as a Long Island case or to cancel such designation on the grounds that such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice. See Guidelines §§ 50.1(d)(3) and 50.2(f).

Notwithstanding the foregoing, this Court respectfully denied Defendants' motion on the grounds that there are unusually high caseloads affecting the Long Island courthouse at this time. Defendants respectfully submit that neither the Guidelines nor the statute provide the Court with any discretion in deciding a motion to reassign the case.

Indeed, courts have routinely transferred cases to the Long Island courthouse from Brooklyn where the party completing the civil cover sheet falsely certified that a substantial part of the events or omissions giving rise to the claim or claims did not occur in Nassau or Suffolk County. See Hossain v County of Nassau, No. 11-CIV.-3630 (NGG) (LB), 2011 WL 5027641 (E.D.N.Y. Oct. 21, 2011) (ordering transfer where plaintiff falsely certified civil cover sheet); see

4

also Kennedy v Foley, No. 90-CIV.-2592, 1990 WL 127626 (E.D.N.Y. Aug. 27, 1990) (ordering transfer upon motion made with consent of all parties).

Further, having this case remain in the Brooklyn courthouse would be a drastic inconvenience for all parties and witnesses involved. As noted, Defendants' place of business is in Suffolk County and, upon information and belief (based on Defendants' employment records), Plaintiff resides in Suffolk County, as well. In that regard, the interests of justice require a transfer to the Long Island courthouse.

Accordingly, Defendants respectfully submit that it was error for the Court to exercise discretion to deny Defendants' letter motion where the Court did not have the power to according to the statute and the Guidelines. Rather, the Court was required to transfer this case to the Long Island courthouse upon Defendants' motion (let alone with Plaintiff's consent). Defendants thus seek reconsideration of this Court's December 27, 2019 Order and respectfully submit that this case must thus be reassigned to the Long Island courthouse as the statutory text of the law requires.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider its December 27, 2019 Order denying Defendants' letter motion to reassign this case.

Dated:   Lake Success, New York
         January 10, 2020

**MILMAN LABUDA LAW GROUP PLLC**

By: */s/    Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*