UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
APRIL BALDI,

                            Plaintiff,

    -against-

MAGGIO DATA FORMS PRINTING LTD., JOHN
CURTIN, and JOSEPH CAPUANO,

                            Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:19-cv-7111 (KAM) (ST)

**DECLARATION OF ROBERT MAGGIO IN SUPPORT OF DEFENDANTS' MOTION FOR <u>CHANGE OF VENUE</u>**

    **ROBERT MAGGIO**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1. I am the President of Maggio Data Forms Printing Ltd. (hereinafter "Maggio"), a Defendant in this case.

    2. This declaration is based upon my own personal knowledge, conversations with my attorneys, and a review of documents kept in the ordinary course of business at Maggio, including personnel files of various employees referenced herein and publicly available information.

    3. I respectfully submit this Declaration in support of the Defendants' Motion for Change of Venue ("Motion"), and to supply this Court with exhibits relevant to its determination of the Motion.

    4. I live and work on Long Island; specifically, I live in Lake Grove, New York and my office is located in Hauppauge, New York.

    5. I understand that, because of an inadvertent error, this case is currently being decided by this Court at the Brooklyn courthouse of the United States District Court for the Eastern District of New York rather than the Long Island courthouse of the same court.

6.   I also understand that, in the event of a trial, I would be required to travel to the Brooklyn courthouse in order to attend same.

7.   Similarly, should I wish to exercise my right to attend any pretrial conferences, I would be required to travel to the Brooklyn courthouse, as well.

8.   Being required to attend any proceedings in the Brooklyn courthouse would be a major inconvenience for me, as well as Messrs. John Curtin and Joseph Capuano, the other Defendants in this case.

9.   Based upon a review of files maintained at Maggio, Messrs. Curtin and Capuano live in Nesconset, New York and Mastic, New York, respectively, which is 50 miles and 67 miles from the Brooklyn courthouse.

10.  The Brooklyn courthouse is located forty-four (44) miles from my office and would require me to drive for well over an hour each way in order to attend any proceedings for trial or pretrial conferences.  Messrs. Curtin and Capuano would have to drive for even longer periods of time in order to attend any proceedings at the Brooklyn courthouse.

11.  Together with substantial travel time (including the often unpredictable amount of time spent in traffic jams that downtown Brooklyn is often plagued by), the significant costs consisting of gas and parking, I respectfully submit that having this case heard in the Brooklyn courthouse would serve as a major inconvenience to all parties involved, including the Plaintiff.

12.  I do not regularly travel to Brooklyn for work purposes.  In my lifetime, when I did visit Brooklyn, it was taxing to travel back and forth between Brooklyn and Long Island.

13.  In contrast, the Long Island courthouse is located only five (5) miles from where I work.

14.  Similarly, upon review of the Plaintiff's personnel file, her last known address is in Lake Grove, New York.

3

15. Upon information and belief, the Plaintiff lives fifty-three (53) miles from the Brooklyn courthouse, further away than my office.

16. In contrast, upon information and belief, the Plaintiff lives only eleven (11) miles away from the Long Island courthouse.

17. I respectfully submit that I find it unjust to be forced to appear at the Brooklyn courthouse for the duration of this case merely because of a ministerial error by the Plaintiff's attorney, an error which the attorney conceded, and expressly informed this Court that Plaintiff has no objection to having the case heard at the Long Island courthouse.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2020

_____
ROBERT MAGGIO