UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
APRIL BALDI,

                                **Case No.:** 1:19-cv-7111 (KAM) (ST)

                       Plaintiff,

      -against-

MAGGIO DATA FORMS PRINTING LTD., JOHN
CURTIN, and JOSEPH CAPUANO,

                     Defendants.
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION FOR CHANGE OF VENUE


**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-8899 (office)
(516) 328-8899 (office)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS & PROCEDURAL HISTORY**......................................................2

**STANDARD OF REVIEW** .......................................................................................................4

**ARGUMENT** .............................................................................................................................5

**I.    THIS ACTION COULD HAVE AND SHOULD HAVE BEEN BROUGHT IN THE LONG ISLAND COURTHOUSE**..................................................................5

**II.   THE OTHER FACTORS MILITATE IN FAVOR OF TRANSFER** ..........................6

    **1. Plaintiff's Choice of Forum** ................................................................................6

    **2. Convenience of Witnesses**...................................................................................7

    **3. Location of Relevant Documents** ......................................................................8

    **4. Locus of Operative Facts** ...................................................................................8

    **5. Relative Means of the Parties**............................................................................8

**CONCLUSION** ..........................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

Citigroup Inc. v. City Holding Co.,
      97 F. Supp. 2d 549 (S.D.N.Y. 2000)................................................................................. 6

D.H. Blair & Co., Inc. v. Gottdiener,
      462 F.3d 95 (2d Cir. 2006)................................................................................................ 4, 6

De Souza v. JPMorgan Chase & Co.,
      No. 12-CIV.-1738, 2013 WL 11313241 (S.D.N.Y. July 16, 2013).................................... 5

Dickerson v. Novartis Corp.,
      315 F.R.D. 18 (S.D.N.Y. 2016) ......................................................................................... 8

Eres N. V. v. Citgo Asphalt Refining Co.,
      605 F. Supp.2d 473 (S.D.N.Y. 2009)................................................................................. 8

ESPN, Inc. v. Quiksilver, Inc.,
      581 F. Supp. 2d 542 (S.D.N.Y. 2008)................................................................................ 7

Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.,
      415 F. Supp. 2d 370 (S.D.N.Y. 2006)................................................................................ 7

Herbert Ltd. P'ship v. Elec. Arts Inc.,
      325 F. Supp. 2d 282 (S.D.N.Y. 2004)................................................................................ 8

Hossain v. County of Nassau,
      No. 11-CIV.-3630 (NGG) (LB), 2011 WL 5027641 (E.D.N.Y. Oct. 21, 2011) ............... 5

In re Collins & Aikman Corp. Sec. Litig.,
      438 F. Supp. 2d 392 (S.D.N.Y. 2006)................................................................................ 4

In re Cuyahoga Equip. Corp.,
      980 F.2d 110 (2d Cir. 1992)............................................................................................... 4

Indian Harbor Ins. Co. v. Factory Mat. Ins. Co.,
      419 F. Supp. 2d 395 (S.D.N.Y. 2005)................................................................................ 5, 7

Intria Corp. v. Intira Corp.,
      No. 00-CIV.-7198, 2000 WL 1745043 (S.D.N.Y. Nov. 27, 2000) ................................... 6

Inventel Prod. LLC v. Perm LLC,
      No. 16-CIV.-1649, 2017 WL 818471 (S.D.N.Y. Feb. 28, 2017) ...................................... 8

Kennedy v. Foley,
    No. 90-CIV.-2592, 1990 WL 127626 (E.D.N.Y. Aug. 27, 1990) ....................... 5

Liberty Mut. Ins. Co. v. Fairbanks Co.,
    17 F. Supp. 3d 385 (S.D.N.Y. 2014) ................................................................... 7

Pausch Medical GmBH v. Pausch LLC,
    No. 14-CIV.-1945, 2015 WL 783365 (S.D.N.Y. Feb. 24, 2015) ....................... 7

Royal Ins. Co. of Am. v. United States,
    167 F. Supp. 2d 573 (S.D.N.Y. 2001) ................................................................ 6

Seltzer v. Omni Hotels,
    No. 09-CIV.-9115, 2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010) .................... 9

Semente v. Empire Healthchoice Assurance, Inc.,
    No. 14-CIV.-5644 (JMF), 2014 WL 4967193 (S.D.N.Y. Sep. 29, 2014) .......... 4

Stein v. Teekay Corp.,
    No. 16-CIV.-00345, 2016 WL 10490287 (D. Conn. Nov. 18, 2016) ................ 5

Synca Direct Inc. v. SCIL Animal Care Co.,
    No. 15-CIV.-2332, 2015 WL 3883281 (S.D.N.Y. June 22, 2015) .................... 5

Van Dusen v. Barrack,
    376 U.S. 612 (1964) ........................................................................................... 4

Wald v. Bank of Am. Corp.,
    856 F Supp 2d 545 (E.D.N.Y. 2012). ................................................................ 5

Xiu Feng Li v. Hock,
    371 Fed. Appx. 171 (2d Cir. 2010) .................................................................... 4

**Statutes**

28 U.S.C. § 137 ............................................................................................................. 2

28 U.S.C. § 1391 ........................................................................................................... 6

28 U.S.C. § 1404 ............................................................................................. 1, 4, 5, 8, 10

42 U.S.C. §§ 2000e-2, *et seq.* .................................................................................... 2

New York Administrative Code § 8-107, *et seq.* ....................................................... 2

New York Executive Law § 296 ................................................................................... 2

...

**Rules**

Rule 50.1 of the Eastern District's Guidelines for the Division of Business Among District Judges ............................................................................................................................. 2, 3, 5

Case 1:19-cv-07111-KAM-ST Document 24 Filed 04/17/20 Page 5 of 15 PageID #: 192

## PRELIMINARY STATEMENT

Defendants Maggio Data Forms Printing Ltd. (hereinafter "Maggio"), John Curtin (hereinafter "Curtin"), and Joseph Capuano (hereinafter "Capuano") (Maggio, Curtin, and Capuano collectively hereinafter the "Defendants") submit this Memorandum of Law in support of their motion pursuant to 28 U.S.C. § 1404(a) to transfer venue from the Brooklyn courthouse of the United States District Court for the Eastern District of New York to the Long Island courthouse of the same court.

This case is currently pending in the Brooklyn courthouse due to the purported error of the Plaintiff's attorneys and this Court's determination that the high workload at the Long Island courthouse warrants maintaining venue in the Brooklyn courthouse. Both of the foregoing reasons are not factors under which the instant motion must be decided.

The law vests parties with the right to seek a transfer of any civil action to any other district *or division* where it might have been brought for the convenience of parties and witnesses and in the interests of justice. Both of the aforementioned factors militate in favor of this Court's exercise of discretion to grant the relief requested by the Defendants.

All the parties and numerous third party employee witnesses reside or do business on Long Island, are located approximately (and on average) fifteen (15) miles from the Long Island courthouse, and are approximately fifty (50) miles away (on average) from the Brooklyn courthouse where this case is currently pending. Based on this alone, it is inconvenient to house this case in Brooklyn.

Further, it would constitute manifest injustice to have this case decided in the Brooklyn courthouse because were it not for the conceded error of the Plaintiff, this case would have never been assigned here in the first place.

1

Accordingly, the Court should exercise its discretion in favor of changing venue.

**STATEMENT OF FACTS & PROCEDURAL HISTORY**

On December 19, 2019, Plaintiff April Baldi (hereinafter "Plaintiff") commenced this action against the Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296. See copy of Plaintiff's complaint annexed hereto in the Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 10, Ex. A. Notably, because Plaintiff worked in Suffolk County and not in New York City, Plaintiff does not assert any claim under the New York City Human Rights Law ("NYCHRL"), New York Administrative Code § 8-107, *et seq.* See Id.

In her complaint, Plaintiff alleges that the corporate Defendant's principal place of business is located in Suffolk County. Id. at ¶ 10. All of the alleged conduct in the complaint occurred in Suffolk County, and there is no allegation indicating that any of the alleged conduct occurred outside of Suffolk County. See, generally, Id.

Notwithstanding, Plaintiff's counsel signed a Civil Cover Sheet that he certified as accurate, in which he denied that "the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur[ed] in Nassau or Suffolk County. See Id. at 25 (containing the words "No" next to question 2(a) under the heading "NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)." This certification is false.

On December 24, 2019, Defendants filed a letter motion to reassign this case pursuant to 28 U.S.C. § 137 and Rule 50.1(d)(2) of the Guidelines. See Kataev Decl. ¶ 11, Ex. B. On December 26, 2019, this Court directed Plaintiff to respond to Defendants' letter motion. See Kataev Decl. ¶ 12, Ex. C.

On December 27, 2019, Plaintiff conceded in her response that the alleged acts giving rise to her claims occurred in Suffolk County, stated that she does not object to Defendants' application to reassign this case to the Long Island courthouse, and stated that the representation made in the civil cover sheet was an "inadvertent clerical error by counsel." See Kataev Decl. ¶ 13, Ex. D.

Notwithstanding, on December 27, 2019, this Court denied Defendants' letter motion to reassign this case "[d]ue to the unusually high case loads affecting the Long Island courthouse at this time." See Kataev Decl. ¶ 14, Ex. E.

On January 10, 2020, Defendants moved for reconsideration of the Court's December 27, 2019 Order on the grounds that the Guidelines do not give the Court discretion to keep the case assigned to the Brooklyn courthouse on account of the unusually high case loads at the Long Island courthouse. See Docket Entries 9-12. However, on January 22, 2020, this Court denied the motion because the Guidelines do not vest parties with any rights. See Kataev Decl. ¶ 15, Ex. F.

Robert Maggio is the President of Maggio. See Declaration of Robert Maggio (hereinafter "Maggio Decl.") ¶ 1. He lives and works on Long Island, in Lake Grove and Hauppauge, respectively. Id. at ¶ 4. John Curtin and Joseph Capuano, the individual Defendants, also reside on Long Island in Nesconset and Mastic, respectively. Id. at ¶ 9. Upon information and belief, Plaintiff also lives on Long Island, in Lake Grove, the same neighborhood that Maggio lives in. Id. at 14. Each of these locations is approximately forty-four (44) to sixty-seven (67) miles away from the Brooklyn courthouse, and it would take over an hour for any of the parties to travel from Long Island to the Brooklyn courthouse. Id. at ¶¶ 9-10, 15; see also Kataev Decl. ¶ 16, Ex. G (indicating total mileage and travel time from various relevant points on Long Island to the Brooklyn courthouse). Traveling from Long Island to Brooklyn for trial is difficult. See Kataev Decl. ¶¶ 3-9.

3

Numerous third-party employee witnesses also live and work on Long Island. See Kataev Decl. ¶ 17, Ex. H. It would be a major inconvenience for these seven (7) witnesses to have to travel ten times the distance to the Brooklyn courthouse for trial rather than conducting a trial of this case at the Long Island courthouse. Id.

During the promotion conference concerning this anticipated motion on March 4, 2020, this Court indicated that it is likely to deny the instant motion on the grounds that transferring venue to the Long Island courthouse would increase the workload of judges in the Long Island courthouse. See Kataev Decl. ¶ 18.

## STANDARD OF REVIEW

District courts may transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice." See 28 U.S.C. § 1404(a); see also Semente v. Empire Healthchoice Assurance, Inc., No. 14-CIV.-5644 (JMF), 2014 WL 4967193, at *1 (S.D.N.Y. Sep. 29, 2014) ("Even if venue is proper ... the Court may still transfer the case to a more appropriate forum pursuant to Section 1404(a).") "[T]he purpose of [this] section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citation and quotation marks omitted). On a motion to transfer, "the burden is on the movant to show that the transfer is justified — Absent a clear and convincing showing that the *balance of convenience* strongly favors the alternate forum ... discretionary transfers are not favored." See Xiu Feng Li v. Hock, 371 Fed. Appx. 171, 175 (2d Cir. 2010) (emphasis added) (quotation marks and citations omitted). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon *notions of convenience and fairness* on a case-by-case basis." See In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (emphasis added).

4

When considering a motion to transfer, courts must "[f]irst ... determine whether the action sought to be transferred is one that 'might have been brought' in the transferee court." See In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal citations omitted). Courts next consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (quotation omitted).

"Courts also routinely consider judicial economy, the interest of justice, and 'the comparative familiarity of each district with the governing law.'" See Stein v. Teekay Corp., No. 16-CIV.-00345, 2016 WL 10490287, at *1 (D. Conn. Nov. 18, 2016) (citing Synca Direct Inc. v. SCIL Animal Care Co., No. 15-CIV.-2332, 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015)). However, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative." See Indian Harbor Ins. Co., 419 F. Supp. 2d at 402 (citations omitted).

Judicial economy is usually a factor courts consider when a related case is pending in the proposed district or division to which a party moves for a case to be transferred to. See Wald v. Bank of Am. Corp., 856 F Supp 2d 545, 550 (E.D.N.Y. 2012).

## ARGUMENT

**I.   THIS ACTION COULD HAVE AND SHOULD HAVE BEEN BROUGHT IN THE LONG ISLAND COURTHOUSE**

"The first step in deciding a motion to transfer venue under § 1404(a) is to assess whether the action could have been brought in the transferee district [or division]." See De Souza v. JPMorgan Chase & Co., No. 12-CIV.-1738, 2013 WL 11313241, at *1 (S.D.N.Y. July 16, 2013).

5

Here, there is no dispute that this case could have been brought in the Central Islip division of the United States District Court for the Eastern District of New York. In fact, Plaintiff conceded this point in responding to the Defendants' initial letter motion to reassign the case according to the Guidelines. See Kataev Decl. ¶ 6, Ex. D.

Moreover, courts have previously moved cases from the Brooklyn courthouse to the Long Island courthouse under similar circumstances. See Hossain v. County of Nassau, No. 11-CIV.-3630 (NGG) (LB), 2011 WL 5027641 (E.D.N.Y. Oct. 21, 2011) (ordering transfer where plaintiff falsely certified civil cover sheet); see also Kennedy v. Foley, No. 90-CIV.-2592, 1990 WL 127626 (E.D.N.Y. Aug. 27, 1990) (ordering transfer upon motion made with consent of all parties).

Indeed, all of the events giving rise to the Plaintiff's claims occurred on Long Island. See Kataev Decl. ¶ 10, Ex. A; see also 28 U.S.C. § 1391 (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Accordingly, this case could have and should have been brought in the Long Island courthouse.

## II.   THE OTHER FACTORS MILITATE IN FAVOR OF TRANSFER

The factors set forth by the Second Circuit also favor transferring this case to the Long Island courthouse. "There is no rigid formula for balancing these factors and no single one of them is determinative." See Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Notably, there is no factor which permits a court to weigh whether transfer would increase the workload of the court to which a movant seeks transfer to, as judicial economy is typically considered in instances where there exists a related case in another district or division. As such, this factor would not properly be considered in determining the instant motion.

6

**1. Plaintiff's Choice of Forum**

Plaintiff's choice of forum is "a decision that is given great weight." See D.H. Blair & Co., 462 F.3d at 107. However, this weight is "significantly diminished" where "the operative facts have no connection to the chosen district," see Royal Ins. Co. of Am. v. United States, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001), or where "plaintiff chooses a forum other than her place of residence." See Intria Corp. v. Intira Corp., No. 00-CIV.-7198, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000).

Plaintiff resides on Long Island in Lake Grove, New York. See Maggio Decl. ¶¶ 14-15. Plaintiff does not allege that the location of the operative facts that give rise to the causes of action arose outside of Long Island and, as can be gleamed from the complaint and as further discussed below, the locus of operative facts is on Long Island. See Kataev Decl. ¶ 10, Ex. A

Thus, given that Plaintiff resides on Long Island and given that the operative facts have little connection to the Brooklyn courthouse, "little weight is afforded to [Plaintiff's] choice to litigate in this District." See Pausch Medical GmBH v. Pausch LLC, No. 14-CIV.-1945, 2015 WL 783365, at *1 (S.D.N.Y. Feb. 24, 2015) (citation omitted).

**2. Convenience of Witnesses**

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." See ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (quoting Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)). The Court must consider "the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 404 (S.D.N.Y. 2005) (quotations omitted).

7

The Long Island courthouse would be more convenient for witnesses than would the Brooklyn courthouse. Every party in this case is a Long Island resident and will be important witnesses in this case who would be expected to testify about Plaintiff's allegations and Defendants' defenses. Furthermore, the convenience of non-party witnesses is accorded more weight than that of party witnesses. Id. at 402. To that end, seven non-party witness employees of Maggio may be called to testify and all of them reside and work on Long Island. See Kataev Decl. Ex. ¶ 17, Ex. H. It would be a major inconvenience for each witness to travel to Brooklyn to appear for trial when the Long Island courthouse is only five (5) miles away from where each of these seven (7) employees work. Id.

In that regard, there can be no dispute that having this case decided at the Brooklyn courthouse would be inconvenient to all parties and witnesses. See Liberty Mut. Ins. Co. v. Fairbanks Co., 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014) ("The convenience of the parties favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant").

Accordingly, the Court should find that the convenience of witnesses weighs strongly in favor of changing venue.

**3. Location of Relevant Documents**

"In today's modem world of electronic documents, the location of relevant documents is a largely neutral factor." See Inventel Prod. LLC v. Perm LLC, No. 16-CIV.-1649, 2017 WL 818471, at *4 (S.D.N.Y. Feb. 28, 2017) (citations omitted). However, to the extent this factor is still relevant, Defendants note that since Maggio has its principal place of business and headquarters on Long Island, its personnel files, complaint files, policies, and other records are also located on Long Island. These documents will likely be relevant to Plaintiff's claims.

### 4. Locus of Operative Facts

"The location of operative events is a *primary* factor in determining a § 1404(a) motion." See Eres N. V. v. Citgo Asphalt Refining Co., 605 F. Supp.2d 473, 481 (S.D.N.Y. 2009) (emphasis added). The majority of the discrimination and harassment alleged by Plaintiff concededly occurred on Long Island. See Kataev Decl. ¶ 10, Ex. A. Moreover, there are no allegations whatsoever that any complained-of act occurred outside of Long Island.

"To determine the locus of operative facts, a court must look to the site of the events from which the claim arises." See Dickerson v. Novartis Corp., 315 F.R.D. 18, 30 (S.D.N.Y. 2016). There is no dispute that the events giving rise to Plaintiff's occurred on Long Island. Thus, this factor weighs in favor of Defendants' motion.

### 5. Relative Means of the Parties

"The relative means of the opposing parties may support or discourage transfer of venue if there is a significant financial disparity between the parties." See Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F. Supp. 2d 282, 290 (S.D.N.Y. 2004). Nevertheless, "a party arguing for or against transfer on these grounds must offer documentation to show that transfer would be unduly burdensome to his finances." See Seltzer v. Omni Hotels, No. 09-CIV.-9115, 2010 WL 3910597, at *5 (S.D.N.Y. Sept. 30, 2010) (quotation omitted).

Here, it is unnecessary to submit any evidence or documentation detailing significant financial disparities, nor is it necessary to establish that transferring the case to Long Island (or maintaining the case in Brooklyn) would be "unduly burdensome to [their] finances." Id.

This is because all parties would necessarily save on transportation costs (gasoline or public transportation) and parking if the case is transferred to the Long Island courthouse, where parking is free, while all parties would expend significant sums of money on parking in Brooklyn, where

9

the only feasible method to store a vehicle while in Court is a parking garage. Thus, the Court should weigh this factor in favor of transferring.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise its discretion in favor of changing venue to the Long Island courthouse. Alternatively, the Court should grant Defendants leave to move pursuant to 28 U.S.C. § 1404(c) for this action to be tried in the Long Island courthouse after the parties resolve discovery and exhaust efforts for resolution.

Dated:  Lake Success, New York
        March 20, 2020

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s/   Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*