UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
APRIL BALDI,

                                                                                    **Case No.:** 1:19-cv-7111 (KAM) (ST)

                              Plaintiff,

       -against-

MAGGIO DATA FORMS PRINTING LTD., JOHN
CURTIN, and JOSEPH CAPUANO,

                             Defendants.
------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR CHANGE OF VENUE

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-8899 (office)
(516) 328-8899 (office)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................................1

**ARGUMENT** ...................................................................................................................................2

**I.     PLAINTIFF'S ASSERTION THAT VENUE IS PROPER MISSES THE MARK**....................................................................................................................................2

**II.    THE STATUTE EXPRESSLY PERMITS INTRA-DISTRICT TRANSFERS** ..........4

**CONCLUSION** ................................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

Four Corners Nephrology Assoc., P.C. v Mercy Med. Ctr. of Durango,
    464 F. Supp. 2d 1095 (D. Colo. 2006) .............................................................................. 4, 5

Matthews v N. Slope Borough,
    646 F. Supp. 943 (D. Alaska 1986) ................................................................................... 4, 5

McNeil Const. Co. v Livingston State Bank,
    155 F. Supp. 658 (D. Mont. 1957) ......................................................................................... 4

Prompt Nursing Empl. Agency LLC v. Valdez,
    222 F. Supp. 3d 194 (E.D.N.Y. 2016) ................................................................................... 4

United States v. Balde,
    927 F.3d 71 (2d Cir. 2019) ..................................................................................................... 3

United States v. Rowland,
    826 F.3d 100 (2d Cir. 2016) ................................................................................................... 3

**Statutes**

28 U.S.C. § 81A ............................................................................................................................ 4

28 U.S.C. § 85 ............................................................................................................................... 5

28 U.S.C. § 1404 ............................................................................................................. 1, 2, 3, 4, 6

**Rules**

Rule 50.1 of the Eastern District's Guidelines for the Division of Business Among District
    Judges ................................................................................................................ 1, 1 n. 1, 3, 4, 5

**PRELIMINARY STATEMENT**

Defendants Maggio Data Forms Printing Ltd. (hereinafter "Maggio"), John Curtin (hereinafter "Curtin"), and Joseph Capuano (hereinafter "Capuano") (Maggio, Curtin, and Capuano collectively hereinafter the "Defendants") submit this Reply Memorandum of Law in further support of their motion pursuant to 28 U.S.C. § 1404(a) to transfer venue from the Brooklyn courthouse of the United States District Court for the Eastern District of New York to the Long Island courthouse of the same court.

Plaintiff opposes Defendants' motion on the grounds that venue is proper and because the statute concerning venue purportedly does not provide a basis to transfer this case to a different courthouse within the Eastern District of New York. Plaintiff's arguments are meritless.

Had Plaintiff properly completed the civil cover sheet, there is no question that this case would have been assigned to the Long Island courthouse. Upon Defendants' letter application to reassign the case to the Long Island courthouse pursuant to Rule 50.1 of the Eastern District's Guidelines for the Division of Business Among District Judges (hereinafter the "Gudelines"), this Court denied Defendants' application on the grounds that the Long Island courthouse has a high workload and because the Guidelines do not vest the parties with any rights. Be that as it may, Defendants respectfully submit that the Guidelines are clear that this case <u>must</u> be assigned to the Long Island courthouse and the Guidelines do not provide the Court with discretion to assign cases based on workload.[1] Venue thus was and remains proper in the Long Island courthouse and not in the Brooklyn courthouse, where it was assigned based on Plaintiff's purported error.

---

[1] Indeed, while Rule 50.2(h) of the Guidelines authorizes the Chief Judge and each Senior Judge to remove a judge from "any wheel" temporarily to reduce the number of pending cases and prevent delay in the disposition of cases by a judge who is then overburdened cases, nothing in the Guidelines permits a Court to exercise its discretion on a letter application to reassign a case pursuant to the procedure set forth in the Guidelines.

1

Plaintiff argues that the issue of venue is moot because, by virtue of this case being filed within the Eastern District of New York, venue is proper. However, Plaintiff's argument vitiates black letter law on statutory interpretation as it gives zero effect to the venue statute's provision that a party may upon motion have an action be transferred from the division in which it is pending to any other division in the same district.

Doubling down on her position, Plaintiff next contends that the venue statute does not permit a party to have a case transferred to a courthouse within the same district. Plaintiff's argument is belied by the plethora of case law holding otherwise.

The fact of the matter is that all the parties and, more importantly, numerous third party witnesses would be extremely inconvenienced by being forced to travel upwards of one hour to the Brooklyn courthouse when the Long Island courthouse is, on average, fifteen minutes away from all the parties and witnesses. Based on the factors set forth in the venue statute, which do not include the workload of judges, Defendants respectfully submit this Court should exercise its discretion in favor of transferring venue to the Long Island courthouse.

Accordingly, the Court should exercise its discretion in favor of changing venue.

## ARGUMENT

### I. PLAINTIFF'S ASSERTION THAT VENUE IS PROPER MISSES THE MARK

Plaintiff argues that venue is proper merely because the case was filed within the Eastern District of New York. See Docket Entry 27 at 5 § I. However, this ignores the fact that Plaintiff improperly completed the Civil Cover Sheet and falsely certified it such that this case was inappropriately assigned to the Brooklyn courthouse in the first place. Moreover, it ignores the plain text of venue statute which provides that a party may upon motion transfer a case to from the division in which it is pending to any other division *in the same district*. See 28 U.S.C. § 1404(b).

With most matters of statutory interpretation, the Second Circuit has repeatedly held that courts must start with the text of the statute and that statutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there." See United States v. Balde, 927 F.3d 71, 75 (2d Cir. 2019) (internal quotation marks omitted). Further, "[i]t is well-settled that courts should avoid statutory interpretations that render provisions superfluous: It is our duty to give effect, if possible, to every clause and word of a statute." See United States v. Rowland, 826 F.3d 100, 109 (2d Cir. 2016) (internal quotation marks and citation omitted).

Here, the plain text of the statute unambiguously and plainly provides that "[u]pon motion … any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division *in the same district.*" See 28 U.S.C. § 1404(b).  Further, the statute more broadly provides that "[a] district court may order any civil action to be tried at *any place within the division* in which it is pending." See 28 U.S.C. § 1404(c).  Given the plain meaning of the words in the statute, there can be no dispute that Defendants' motion is not moot even if venue is technically proper within the Eastern District of New York, notwithstanding the fact that Defendants contend it is not in the proper division within it.

Further, the fact that Defendants previously sought relief pursuant to the Guidelines does not make the instant motion moot.  Defendants' prior letter motion to reassign the case and subsequent formal motion for reconsideration were decided under different standards than the standard upon which the Court must decide the instant motion to transfer venue pursuant to 28 U.S.C. § 1404.  In that regard, and as set forth further below, the issue of venue is not moot.

Accordingly, Plaintiff's arguments regarding mootness and the propriety of venue within this district are unavailing and must be rejected.

## II.  THE STATUTE EXPRESSLY PERMITS INTRA-DISTRICT TRANSFERS

Plaintiff argues that because New York is comprised of four judicial districts and no divisions within those districts by statute (unlike, for example, Illinois), Defendants may not seek relief pursuant to 28 U.S.C. § 1404 because the statute only permits transfers between districts or divisions and there are no divisions. See Docket Entry 27 at 5-6 § II. This is inaccurate.

The provisions of 28 U.S.C. 1404 are applicable to divisions created by court rule as well as to divisions created by statute. See McNeil Const. Co. v Livingston State Bank, 155 F. Supp. 658 (D. Mont. 1957) (held that court rule creating division could be considered, together with statute requiring action to be brought in district division where defendant resided, by court in exercising its discretion with respect to transferring causes); see also Prompt Nursing Empl. Agency LLC v. Valdez, 222 F. Supp. 3d 194, 197 (E.D.N.Y. 2016) (properly analyzing 28 U.S.C. § 1404 to entertain a motion to change venue from the Long Island courthouse to the Brooklyn courthouse, which that court held allows for transfer to any "district or division" and relying on the plain text of the Guidelines as instructive).

Further, courts routinely decide motions to transfer venue in districts with no division based on the same factors in the venue statute. See Matthews v N. Slope Borough, 646 F. Supp. 943 (D. Alaska 1986) (holding that, in employee's Title VII action alleging municipality's racial discrimination, *location of trial within district which had no divisions* would be proper in *statutory location which was closer to municipality where most of municipality's witnesses would come from municipality and where all events which gave rise to employee's claim took place in municipality* and Alaska constitutes one judicial district pursuant to 28 U.S.C. § 81A) (emphasis added); see also Four Corners Nephrology Assoc., P.C. v Mercy Med. Ctr. of Durango, 464 F. Supp. 2d 1095 (D. Colo. 2006) (holding that moving party was entitled to transfer of trial from Denver to

4

Durango, where hospital was located and plaintiffs did business, where statute also provides that Colorado constitutes one judicial district with no divisions despite courts in eight (8) separate locations pursuant to 28 U.S.C. § 85).

In both Matthews and Four Corners, it was of no moment that Alaska and Colorado were comprised of a single judicial district with no divisions. Those courts analyzed and applied the venue transfer statute pursuant to its factors and decided that cases should be tried in locations where the party seeking transfer actually conducted business and the events or omissions complained of allegedly occurred. In that regard, it is telling that Plaintiff has not addressed any of the factors relevant to the transfer of venue. Those factors – whether the action could have been brought in the transferee district or division (it could), plaintiff's choice of forum (irrelevant), convenience of witnesses (heavily and indisputably weighs in favor of transfer), location of documents, locus of operative facts, and relative means of the parties (who would both benefit in significant cost savings in the event of transfer) – all weigh in favor of transfer as set forth in Defendants' moving papers.

This Court should also analyze the instant motion bearing solely the aforementioned factors in mind, and Defendants again respectfully submit that the workload of the judges in the Long Island courthouse is not a factor pursuant to the statute (nor was it, Defendants respectfully submit, a factor that the Court could have considered when deciding Defendants' letter motion to reassign this case pursuant to the Guidelines, which was a task for the Chief Judge and senior judges)

Based on the foregoing, there is no question that this Court should exercise its discretion in favor of transferring venue to the Long Island courthouse.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise its discretion in favor of changing venue to the Long Island courthouse.

Alternatively, the Court should grant Defendants leave to move pursuant to 28 U.S.C. § 1404(c) for this action to be tried in the Long Island courthouse after the parties resolve discovery and exhaust efforts for resolution.

Dated:   Lake Success, New York
          April 17, 2020

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s/   Emanuel Kataev, Esq.*_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*