# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 25, 2020

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

> *Re:*     **Baldi v. Maggio Data Forms Printing Ltd.,** *et al.*
>         **Case No.: 1:19-cv-7111 (KAM) (ST)**
>         <u>**MLLG File No.: 13-2018**</u>_____

Dear Judge Matsumoto:

       This office represents the Defendants in the above-referenced case. Defendants write pursuant to ¶ IV(B) of this Court's Chambers Practices to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule"). The basis for the motion is set forth below.

       Plaintiff commenced this action against Defendants on December 19, 2019 alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). Prior to doing so, Plaintiff filed charges of discrimination with both the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") on September 5, 2017 and December 5, 2018, respectively.

       Though the NYSDHR issued a "probable cause" determination on Plaintiff's claims and referred her case to a public hearing before an Administrative Law Judge pursuant to the NYSHRL, Plaintiff moved and received an Order for dismissal for administrative convenience over Defendants' objections. Due to this dismissal, New York State law provides that such an election constitutes an annulment of the charge such that it was never filed, and the statute of limitations is not tolled for the period of time the charge was before the NYSDHR. <u>See</u> New York Executive Law § 297(9).

       Accordingly, the applicable statute of limitations for Plaintiff's NYSHRL claims fall between December 19, 2016 (three years before this case was commenced) to March 17, 2017 (the date Plaintiff alleges she was terminated).

       Similarly, under Title VII, the statute of limitations for filing a charge of discrimination in states such as New York that have an agency with the authority to address charges of discriminatory employment practices is 300 days. <u>See</u> <u>Borrero v. Am. Exp. Bank Ltd.</u>, 533 F. Supp. 2d 429, 435 (S.D.N.Y. 2008).

Here, where Plaintiff filed her charge with the EEOC on September 5, 2017, the applicable statute of limitations for Plaintiff's Title VII claims falls between November 9, 2016 (300 days before her EEOC charge was filed) to March 17, 2017 (the date Plaintiff alleges she was terminated).

For all intents and purposes, the timely allegations in Plaintiff's complaint are identical for her Title VII and NYSHRL claims and are analyzed together. See Vega v. Hempstead Union Free Sch. Dis., 801 F.3d 72, 88 (2d Cir. 2015) (Discrimination claims under Title VII and NYSHRL are analyzed under the same standards).

Based on the foregoing, Plaintiff's allegations that consist of Defendant John Curtin (hereinafter "Curtin") standing outside of the women's bathroom and attempting to bring her into an empty office with him one time at a holiday party, which she alleges she refused to do, and Defendant Joseph Capuano's (hereinafter "Capuano") submission of text messages to Plaintiff – asking her where she was and whether she got her nails done – does not rise to the level of severity and pervasiveness required to constitute a hostile work environment under the law. Similarly, Plaintiff's *quid pro quo* claim fails to allege how any tangible job benefit (including keeping her job) was linked to any sexual advances. In fact, Plaintiff specifically alleges in the complaint that Capuano provided Plaintiff with a vacation day even after she ignored a text message from him, evincing no link whatsoever between any sexual advance (which Plaintiff claims is a mere text message asking where Plaintiff was, a non-sexual advance if there ever was one) and her ultimate termination, which Plaintiff alleges herself is due to the fact that she was repeatedly tardy to work. In addition, her retaliation claim fails because she does not sufficiently allege engaging in protected activity under the law and there is no causal connection between her March 7, 2017 termination and alleged complaint of harassment by Curtin on December 22, 2016, especially in light of her conceded allegation that she was habitually late and was late by an hour and a half on the day she was terminated.

Courts have routinely dismissed cases with far more egregious facts for failure to state a claim. See, e.g., Redd v. N.Y. Div. of Parole, 678 F.3d 166, 177 (2d Cir. 2012) ("even more intimate or more crude physical acts—a hand on the thigh, a kiss on the lips, a pinch of the buttocks—may be considered insufficiently abusive to be described as 'severe' when they occur in isolation."); Li v. Educational Broadcasting Corp., Index No. 115948/2010, 2011 N.Y. Misc. LEXIS 3522, at *14-15 (N.Y. Sup. Ct. June 30, 2011) (dismissing hostile work environment claim under the NYCHRL (which at the time of the alleged conduct in this case had a lower standard than the NYSHRL), where co-worker stroked plaintiff's arm and said "Asian skin is so soft" and "you love it when a hot guy like me touches you," and, on a later occasion, grabbed plaintiff's buttocks); Ellis v. City of New York, No. 08-CIV.-6705 (DAB), 2011 U.S. Dist. LEXIS 84104, at *24-25 (S.D.N.Y. July 28, 2011) (dismissing hostile work environment claim under the NYCHRL where supervisor sniffed then kissed plaintiff's hand, asked her if her husband was "big like him," and asked her to dinner); Magnoni v. Smith & Laquercia, LLP, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (finding that plaintiff's uncorroborated testimony of daily sexual harassment by plaintiff's supervisor along with admissions by plaintiff's supervisor that he told plaintiff explicit details of his sex life, called her "voluptuous," and touched her knees on occasion was not enough to constitute a hostile work environment under the NYCHRL); Hernandez v. Kaisman, Index No. 104989/2007, 2011 N.Y. Misc. LEXIS 2120, at *25 (N.Y. Sup. Ct. Apr. 13, 2011) (dismissing hostile work environment claim under the NYCHRL where defendant sent sexually explicit emails to the office, walked around in his underwear, discussed his sex life with plaintiffs, and had female visitors to his office after hours). Because the foregoing cases contained allegations with substantially more egregious conduct than the alleged incidents here, and were analyzed under the broader NYCHRL, this complaint must similarly be dismissed.

Finally, Plaintiff's Title VII claims against Curtin and Capuano must be dismissed because individual supervisors are not subject to liability under federal law. <u>See</u> <u>Mandell v. Cty. of Suffolk</u>, 316 F.3d 368, 377 (2d Cir. 2003).

Based on the foregoing, Defendants respectfully submit that they should be permitted to proceed with moving for dismissal for failure to state a claim upon which relief can be granted. Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
        June 25, 2020

                                                    Respectfully submitted,

                                                    **MILMAN LABUDA LAW GROUP PLLC**

                                                    _____/s_____
                                                    Emanuel Kataev, Esq.
                                                    3000 Marcus Avenue, Suite 3W8
                                                    Lake Success, NY 11042-1073
                                                    (516) 328-8899 (office)
                                                    (516) 303-1395 (direct dial)
                                                    (516) 328-0082 (facsimile)
                                                    emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).